UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRMA Y. C., | ) | No. EDCV 20-0088 AGR |
|     Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

    Plaintiff[1] filed this action on January 14, 2020. The parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.[2]

    Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 12.)

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on August 4, 2016, and alleged an onset date of May 8, 2015. Administrative Record ("AR") 15. The application was denied initially and on reconsideration. AR 15, 57, 68. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 8, 2018, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 30-56. On December 18, 2018, the ALJ issued a decision denying benefits. AR 12-25. On December 3, 2019, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2020. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of status post left breast lumpectomy (2008) and post effects from chemotherapy and radiation; tendonitis of the left shoulder; DeQuerain's syndrome; arthritis of the lumbar spine; and chronic plantar fasciitis. AR 18.

The ALJ found that Plaintiff had the residual functional capacity to perform medium work except that she could frequently climb ramps and stairs; frequently handle bilaterally; and occasionally climb ladders, ropes and scaffolds. She requires the option to change position at least two times per hour for ten minutes at a time while remaining on task. AR 20.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

The Appeals Council concluded that Plaintiff was capable of performing her past relevant work as a general clerk as generally performed (light work) and actually performed (sedentary work).  AR 24.

### C. Residual Functional Capacity

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471 (1986).  The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'"  *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted).  The RFC assessment must be supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.* at 632 (citations and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Id.*  When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted)*.*

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'"  *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation and emphasis omitted).  A non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The ALJ found that Plaintiff had the RFC to perform medium work except that she could frequently climb ramps and stairs; frequently handle bilaterally; and occasionally climb ladders, ropes and scaffolds. She requires the option to change position at least two times per hour for ten minutes at a time while remaining on task. AR 20.

### 1. Mental Functional Limitations

Plaintiff contends that the ALJ erred in discounting the Department of Veterans Affairs ("VA") rating. An ALJ may gave less weight to a VA rating "'if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" *Valentine v. Comm'r*, 574 F.3d 685, 695 (9th Cir. 2009) (citation omitted). "[T]he acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason'" supported by the record to discount the VA rating. *Id.* (citation omitted).

On March 21, 2017, the VA issued a report assigning a 70% disability evaluation and overall 100% rating for major depressive disorder effective November 17, 2016. The VA noted difficulty in adapting to work, near continuous depression and panic affecting the ability to function independently and effectively, disturbances of motivation and mood, and flattened affect. AR 157-58. The VA relied upon medical records including a VA exam dated February 28, 2017, and Albuquerque VA medical records dated September 29, 2015 to March 16, 2017. AR 161.

The ALJ discounted the VA rating because it was inadequately supported and explained by substantial evidence. The ALJ found that the VA rating system compensates a veteran for service-related disability even when, as the ALJ found, a claimant's major depressive disorder did not affect her ability to perform basic work activities more than minimally. The ALJ found no limitation in the ability to understand, remember and apply information; mild limitation in the ability to interact with others; mild

limitation in concentrating, persisting or maintaining pace; and no limitation in managing or adapting herself. AR 18-19, 23.

The ALJ's reasons for discounting the VA rating is supported by substantial evidence in the record. *See Valentine*, 574 F.3d at 695. Plaintiff retired from the military as of June 30, 2015, after the alleged onset date of May 8, 2015. AR 826. Plaintiff sought treatment in September 2014 for stress, depression, anxiety and poor concentration. AR 342. She was diagnosed with major depressive disorder (recurrent, moderate) and adjustment disorder. Although Plaintiff argues she was unable to perform her job, the VA records indicate she had no duty restrictions or safety concerns during her treatment through April 2015, when she was released from treatment with no limitations. AR 359; *see also* AR 385-86.

Plaintiff's mental health records indicate no deterioration in mental functioning required for work duties during the period through the date of the ALJ's decision. Rather, the mental health records relate to a sleep disorder stemming from her long hours working in the military, her relationship with her three children who were budding teenagers and had conflicts, and medication to manage depression and anxiety. After leaving the military, Plaintiff moved to Albuquerque, New Mexico. She continued therapy to cope with the above-described problems. AR 738-39. Her mental status examination indicated she was cooperative with normal speech and no psychomotor excitation or slowing. Her thought process was coherent, logical and goal-oriented; her mood was depressed; her affect was full and appropriate; and her insight and judgment were good. *E.g.*, AR 640. Her mental status examinations have been consistent throughout the period. In February 2017, Plaintiff commenced a VA program for depression and anxiety known as Acceptance and Commitment Therapy (ACT),[4] and family therapy with her children. AR 580-81. Plaintiff had significant anxiety and

---

[4] The ACT program works on promoting a full and meaningful life, skills to handle painful thoughts more effectively, and psychological flexibility. *See* AR 562.

moderately severe depression. AR 569-70. She apparently completed the ACT program in May 2017. Her mental status examination was unchanged. *E.g.*, AR 827-28 (reporting her concentration is good, she can pay attention to read, and goes to church many evenings). In July 2017, Plaintiff's major depressive disorder, recurrent, was in partial remission. Plaintiff reported her mood was stable. She was assessed with insomnia disorder. AR 802. In August 2017, Plaintiff reported some anxiety with selling her house in Albuquerque and buying a house in California, but was looking forward to the move, being close to family and taking a class at the community college. She reported not being depressed and was satisfied with her medications. AR 850. Her mood was mildly anxious and not sad. AR 851. In February 2018, Plaintiff reported anxiety and depression. She had an episode of intense anxiety while driving and had to pull over for one or two minutes. Her mood seemed mildly anxious based on her statements and speech rate, volume and tone. AR 919-20; *see also* AR 917 (mental status 3/28/18).

Plaintiff has not shown error.

### 2. Physical Functional Limitations

As discussed above, the ALJ found that Plaintiff had the RFC to perform medium work except that she could frequently climb ramps and stairs; frequently handle bilaterally; and occasionally climb ladders, ropes and scaffolds. She requires the option to change position at least two times per hour for ten minutes at a time while remaining on task. AR 20.

The ALJ's RFC assessment that Plaintiff could perform medium work is not supported by substantial evidence. The VA medical records indicate that Plaintiff had a history of wrist pain and right elbow pain. AR 623-24. In March 2017, Plaintiff reported right elbow pain that affected her ability to grip the steering wheel for long periods of time (13-hour drive), pour, and use pots and pans.[5] Her grip strength was 9 lbs. on the

---

[5] To accommodate her pain, Plaintiff had previously bought pans with two handles and a rubber jar opener. AR 621.

1  left and 9.5 lbs. on the right.  Her bilateral wrists were swollen and tender to the touch.
2  She was prescribed physical therapy and exercise.  AR 504-05, 507.  In April 2017,
3  Plaintiff was performing the daily exercises and her soreness after exercise had
4  lessened over time.  During her 45-minute physical therapy session, brachioradial
5  tenderness was less than before.  She experienced soreness in the posterior wrist and
6  forearm before icing at home.  AR 843-44.  In May 2017, Plaintiff's wrist strength was
7  3+/5 with pain.  Her grip strength had improved to 27 lbs. on the left and 30 lbs. on the
8  right, which was still impaired.  AR 811.  Plaintiff continued to experience bilateral wrist
9  pain in November 2017.  AR 867.  In 2018, Plaintiff reported breast pain when she
10 exercises or moves that resolves when she sits or lays down.  AR 912.  At rest, breast
11 pain was 2/10 but upon palpation increased to 8/10.  AR 915.  Plaintiff was told to use
12 Aleve and was referred for injections to relieve the pain.  AR 912, 914, 930.

Although the ALJ erred in finding Plaintiff capable of medium work with restrictions, the ALJ found that Plaintiff was capable of performing her past relevant work as a general clerk as generally performed (light work) and actually performed (sedentary work).  AR 24.  Accordingly, any error in the RFC assessment would be harmless unless Plaintiff is incapable of performing her past relevant work either as actually performed or as generally performed.  *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  An error is harmless when it is "'inconsequential to the ultimate nondisability determination.'"  *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citation omitted).

There is no indication in the medical records that Plaintiff is precluded from her past relevant work at the sedentary or light level.  In May 2017, Plaintiff reported that she walks with her mother 60-90 minutes per day.  AR 827.  On examination, Plaintiff had no back pain with palpation and no cva tenderness.  AR 840.  She reported that, although there is chronic pain, she was satisfied with the current regimen of pain control and level of functioning.  AR 842.  In November 2017, Plaintiff had a normal gait.  AR 870.  According to the DOT, the general clerk position does not require climbing,

balancing, stooping, kneeling, crouching, crawling or exposure to environmental conditions or hazards. (DOT 209.562-010.) The ALJ limited Plaintiff to frequent handling bilaterally, which is required to perform the general clerk position according to the DOT. The state agency physician on reconsideration limited Plaintiff to frequent handling based on her level of recurrent pain. AR 77. The term "handling" means the ability to seize, hold, grasp, or turn an object. *Sylvia L.P. v. Saul*, 2019 U.S. Dist. LEXIS 149874, *5 (C.D. Cal. Sept. 3, 2019). Plaintiff described her clerical position as typing, making copies, answering phones, attending to new recruits (*i.e.*, preparing their contracts) and lifting boxes with files. She reported that she would write, type or handle small objects four hours per workday. The heaviest weight she lifted was less than ten pounds. AR 40-41, 234. The ALJ could reasonably conclude based on the medical records, including her wrist and grip strength, that she could perform her past relevant work as generally or actually performed.[6] Plaintiff has not shown error.

### D. Plaintiff's Allegations

In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Id.* Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 21. Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms and determines the extent to which those symptoms limit the claimant's ability to perform work-related activities. Social Security Ruling ("SSR") 16-3p. Absent malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). To do so, the ALJ

---

[6] The vocational expert testified that the same jobs would be available even assuming the claimant required a nearby restroom within 100 yards. AR 54.

must identify the claimant's testimony that is found not to be credible and explain what evidence undermines that testimony. On the other hand, "[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Id.*

The ALJ discounted Plaintiff's testimony based on three reasons: (1) her allegations were inconsistent with the medical evidence; (2) evidence indicated that she was more active and capable than she alleged; and (3) failure to comply with medications in a manner consistent with the severity of mental symptoms alleged. AR 21-23.

The ALJ's first reason is supported by substantial evidence for the reasons discussed above in connection with the residual functional capacity. The second reason is supported by substantial evidence. Plaintiff reported a level of activity in the records that is inconsistent with the alleged severity of her symptoms at the hearing and in her written statements to the Commissioner. For example, Plaintiff was able to move interstate twice, go for drives (including a 13-hour drive), take vacations, go to church, and go shopping. *E.g.,* AR 494 (describing 45-60 minute exercise three times per week), AR 507 (reporting 13-hour drive out of town in April 2017); AR 676; AR 827; AR 919. The third reason is also supported by substantial evidence. The record shows Plaintiff experienced more anxiety when she ran out of medications and was off them for significant periods of time. AR 827-28 (reporting increase in anxiety and several panic attacks after running out of medications 3-4 weeks ago; generally doing well with medications in May 2017); AR 644 (reporting in Sept. 2016 that she ran out of medications on vacation and stayed off them for one month; denying depression after being on medications for one month); AR 676 (reporting missing group therapy during visit to Mexico City in June 2016). The ALJ could reasonably infer that Plaintiff's willingness to go without medications for significant periods of time while on vacation or otherwise, without any other explanation in the record, was inconsistent with the alleged severity of her mental health symptoms. Plaintiff has not shown error.

10

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: March 9, 2021

_____
ALICIA G. ROSENBERG
United States Magistrate Judge